UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN L., | Civil Action No. 18-11520 (SDW) |
| Petitioner, | |
| v. | OPINION |
| ALFARO ORTIZ, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the *pro se* petition for a writ of habeas corpus of Petitioner, Jean L., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the appropriate filing fee, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner is a native citizen of Haiti who apparently became a lawful permanent resident of the United States in 1993. (ECF No. 1 at 3). In May 2006, petitioner pled guilty to possession of a controlled dangerous substance in violation of N.J. Stat. Ann. § 2C:35-10(a)(1), for which he received a sentence of time served and two years' probation. (*Id.*). On June 8, 2018, immigration officials took Petitioner into immigration custody, apparently based on his 2006 criminal conviction, and placed him into removal proceedings. (*Id.*). Since that time, Petitioner has remained detained pursuant to 8 U.S.C. § 1226(c) based on his prior drug conviction. (*Id.* at 3-4).

On July 10, 2018, Petitioner appeared for his initial immigration court appearance, at which point he was denied bond as the immigration judge concluded he was subject to mandatory detention pursuant to § 1226(c). (*Id.* at 4). Petitioner thereafter filed an application for cancellation of removal, which remains pending at this time. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

**1. Petitioner is properly subject to detention under 8 U.S.C. § 1226(c)**

In his first claim, Petitioner attempts to assert that immigration officials were deprived of the authority to hold him pursuant to § 1226(c) because he was not taken into immigration custody for more than a decade after his probationary sentence expired. In making that argument, Petitioner acknowledges that his claim is contrary to the basic holding the applicable binding precedent in this Circuit, *Sylvain v. Attorney Gen. of the United States*, 714 F.3d 150, 157-160 (3d Cir. 2013), but asserts that *Sylvain* should not apply because the delay here was six years longer than that discussed in *Sylvain*. In *Sylvain*, the Third Circuit held that even if § 1226(c) calls for the Government to detain an alien "when the alien is released" from criminal custody, "nothing in the statute suggests that immigration officials lose authority if the delay." *Id.* at 157. The Third Circuit explained this conclusion as follows:

> We reach this conclusion for a number of reasons. First and foremost is the text: the government's authority to impose mandatory detention does not depend on its compliance with the "when ... released" deadline. The text states that immigration officials "shall take into custody any alien who [has committed various crimes] when the alien is released." 8 U.S.C. § 1226(c)(1). The text does not explicitly remove that authority if an alien has already left custody. We are loath to interpret a deadline as a bar on authority after the time has passed — even when the word "shall" appears in the text. *See Cyberworld Enter. Tech. v. Napolitano*, 602 F.3d 189, 197 (3d Cir. 2010).
>
> This principle of statutory interpretation descends from a long line of Supreme Court precedents. *See, e.g., Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 161[] (2003); *United States v. Nashville, C & St. L. Ry.*, 118 U.S. 120, 125[] (1886). In these cases, the Court has explained that "a statute directing official action needs more than a mandatory 'shall' before the grant of power can sensibly be read to expire when the job is supposed to be done." *Barnhart*, 537 U.S. at 161[.] In other words, "a provision that the Government 'shall' act within a specified time, without more, [is not] a jurisdictional limit precluding action later." *Id.* at 158, 161–63[]

> (concluding that a provision stating that the government "shall" make certain assignments by "October 1, 1993," did not eliminate the government's authority to make assignments after that date).
>
> Bureaucratic inaction—whether the result of inertia, oversight, or design—should not rob the public of statutory benefits. The Tenth Circuit has called this "the better-late-than-never principle." *United States v. Dolan*, 571 F.3d 1022, 1027 (10th Cir. 2009), *aff'd sub nom. Dolan v. United States*, [560 U.S. 605] (2010). "Congress imposes deadlines on other branches of government to prod them into ensuring the timely completion of their statutory obligations to the public, not to allow those branches the chance to avoid their obligations just by dragging their feet." *Id.* The court noted that "[i]t would be a strange thing indeed if a bureaucracy or court could avoid a congressional mandate by unlawful delay." *Id.*

*Sylvain*, 714 F.3d at 157-58. Applying this rule and caselaw dealing with an analogous requirement under the Bail Reform Act in light of the "important public interest" at stake in removal proceedings, the Third Circuit concluded that because the statute did not tie the Government's authority to the temporal requirement for taking an alien into custody, "the government retains authority . . . despite *any* delay." *Id.* at 157-59 (emphasis added). In effect, the Third Circuit explained, incorporating a time limitation on the authority into § 1226(c) would provide immigration authorities with the very discretion that the mandatory detention statute explicitly deprives them of – the discretionary authority to choose which aliens to take into custody and whether to submit them to mandatory detention. *Id.* at 160-61. Thus, *Sylvain* makes it clear that the distinction Petitioner wishes to make is immaterial – regardless of "*any* delay", the Government retains the authority to take aliens subject to detention under § 1226(c) into custody and to hold them pursuant to the statute's mandatory detention provisions. As Petitioner has a qualifying drug offense and does not dispute that fact, it is clear that he is properly subject to detention under § 1226(c) regardless of the unfortunate delay between his release and being taken

into custody. *Id.* at 157-61. Petitioner's contrary assertions are in contravention of *Sylvain*, and Petitioner's first claim is thus without merit.

Petitioner next contends that § 1226(c) detention is unconstitutional when applied to aliens with "substantial" challenges to their removal, notwithstanding the fact that such aliens have only been held for a short period of time. In making that argument, Petitioner makes much of the fact that the petitioner in *Demore v. Kim*, the case in which the Supreme Court upheld the constitutionality of § 1226(c) had conceded his deportability. 538 U.S. 510, 523-531 (2003) (holding that detention pursuant to § 1226(c) is constitutional and that an alien's detention under the statue for six months was not unreasonable). Although the alien in *Demore* had apparently conceded his deportability, nothing in *Demore* suggests that this fact controlled the outcome of that case.[1] Instead, *Demore* stands for the proposition that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process" and that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 523-526. What matters for § 1226(c) detention is not whether the alien will ultimately be removed, but instead whether he is potentially deportable by virtue of his convictions. Although an alien's good faith and substantial challenges to his removal may well have a bearing on the reasonableness of detention should an alien's detention extend well beyond the six month period found constitutional in *Demore*, *see, e.g., Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), *abrogated on other grounds*, *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), the Supreme Court's recent decision in *Jennings* makes it clear

---

[1] The portion of *Demore* Petitioner cites for the proposition that this concession is of any import at all is from Justice Breyer's opinion which dissented from the portions of *Demore* upholding § 1226(c)'s application in that matter. 538 U.S. at 578. Indeed, in dissenting, Justice Breyer expressed his belief that the petitioner in that matter had *not* conceded his removability. *Id.* at 577.

that detention under § 1226(c) is intended to mandate detention *until* a final decision on removability is made, and the statute therefore cannot reasonably be interpreted to control only where the removability issue is conceded. *See Jennings*, 138 S. Ct. at 846-47 ("§ 1226(c) makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'").

Ultimately, *Demore* stands for the proposition that detention of six months under § 1226(c) is entirely reasonable and therefore comports with the constitution, and the Third Circuit has continually recognized that fact even in cases where the alien had strong claims for relief from removal. *See, e.g., Chavez-Alvarez*, 783 F.3d 475-78. The Third Circuit has never held that detention under the statute for less than the six months discussed in *Demore* would violate Due Process, and this Court is aware of no authority providing relief for detention for less than that six month period. As Petitioner has been detained for far less than six months – he has been in mandatory detention for just over a month – it is clear that his detention has not become so unreasonable that it is unconstitutional. *See, e.g., Dryden v. Green,* No. 18-2686, 2018 WL 3062909 (D.N.J. June 21, 2018) (finding detention of nearly a year constitutionally permissible under § 1226(c)). Petitioner's claim that his detention is unconstitutional is thus premature and he is therefore not entitled to relief at this time. His habeas petition is therefore denied without prejudice. Because this Court is denying Petitioner's habeas petition, Petitioner's request for the entry of an order to show cause regarding that petition shall in turn be denied.

## III. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's habeas petition without prejudice, and Petitioner's request for the entry of an order to show cause is denied as moot in turn. An appropriate order follows.

Dated: July 16, 2018

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge